DELTA TRUST & BANKING COMPANY ET AL. *v.* MARY E. PEARCE.

[45 South., 981.]

WILLS. CORPORATIONS. *Shares of stock. Certificates. Conflict of laws.
Issuance of new shares. Mandatory injunction.*

> Shares of stock in a Mississippi corporation, the certificates whereof
> were held by a testator at his domicile in another state, will pass
> by a will valid under the laws of that state and there made, pro-
> bated and decreed to dispose of all the personalty, although the
> will be invalid under the laws of this state; and the beneficiary
> may compel the issuance of new certificates in her name.

FROM the chancery court of Warren county.

HON. J. S. HICKS, Chancellor.

Mrs. Pearce, appellee, was complainant in the court below,
·and the Delta Trust & Banking Company and the American
National Bank, banking corporations, appellants, were defend-
ants there. From a decree in favor of the complainant the de-
fendants appealed to the supreme court.

The suit was instituted·for the purpose of determining the
ownership of certain shares of stock standing on the books of
the defendant banks in the name of complainant's deceased hus-

band, complainant claiming the same under the general terms of his will. The written instrument, probated under the laws of Tennessee, at the testator's domicile in that state, as his will, was written at his request and for his will; and it was read over to and orally declared by him, in the presence of witnesses, to be his last will and testament. It was not signed by him nor was it attested in writing by the witnesses. It devised and bequeathed to the complainant all of the testator's property, real and personal, she being named as executrix; no provision was made for his children but the will enjoined on the complainant, their mother, to do what was best for their interests. A certified copy of the decree of the county court of the county of testator's residence in Tennessee admitting the instrument to probate, was made an exhibit to the bill. The decree adjudged the instrument of writing to be the decedent's will and probated it as his will disposing of the testator's personal property, but not his realty. The opinion of the court further states the facts.

*Smith, Hirsh & Landau,* for appellants.

The appellant banks, for self protection, have appealed solely to secure a final and binding decision and thus escape any question of liability in future, they having no interest whatever in the outcome of the case.

The question arises whether the alleged instrument purporting to be decedent's will conveys the stock under the laws of Mississippi. We think it well settled that under the laws of Mississippi the instrument would be ineffectual to such end; but assuming it to be valid in Tennessee, the domicile of the decedent, is it then to be considered valid in Mississippi?

We recognize the rule that if this personal property were located, had a situs, in Tennessee, a will executed according to the laws of that state would be recognized here. But in *Wells* v. *Wells,* 35 Miss., 638, it is said: "The probate in a foreign state of a will of a testator who died there, but whose domicile was in this state, is ineffectual to devise property situated in this

state." The question arises, where was the situs of the stock at the decedent's death? It is well settled that a stock certificate is mere evidence of ownership, and the property represented by such certificate must be held to be located in the state where the corporation was created. *Jellenik* v. *Huron Copper Mining Co.*, 177 U. S., 1.

*T. G. Birchett*, for appellee.

The validity of the decedent's will, for the purpose of passing personal property, is, under the laws of Tennessee unquestionable. *Guthrie* v. *Owen*, 2 Hum. (21 Tenn.), 202; *McLean* v. *McLean*, 25 Tenn., 451; *Organ* v. *Irvine*, 100 Tenn., 193.

The will being, to the extent mentioned, valid in Tennessee, and the matter being within the jurisdiction of the Tennessee court, such court had the authority to probate and effectuate the same; and its acts in regard thereto will not be questioned by the courts of Mississippi. *Wells* v. *Wells*, 35 Miss., 638.

The case of *Jellenik* v. *Huron Copper Mining Co.*, 117 U. S., 1, cited by learned counsel for appellants, does not apply in this case. The laws of Michigan were construed in the case cited. There is a wide difference between the statutes of Michigan and Mississippi in reference to wills and matters testamentary.

While a state has undeniably a right to localize the shares of stock of any corporation which it creates, yet in Mississippi this localization has gone only to the extent of providing for levy of writs of attachment and executions, which without the aid of statute law, could not be effective.

It is undisputed that the shares of stock were in the possession of the testator, in Milan, Tennessee, at the time of his death. The shares were thus within the jurisdiction of the Tennessee probate court, and the order of that court which passed all personal property of the testator to appellee certainly operated as an assignment of the certificates of stock.

The provision for the noting of the assignment of stock on

the transfer books of the corporations in no manner localized the stock in Mississippi, because such provision is intended simply to protect creditors and to fix liability for unpaid stock-subscriptions.

CALHOON, J., delivered the opinion of the court.

Mrs. Pearce is the widow of Allen Q. Pearce, and in her bill she charges that Pearce died in the state of Tennessee, at his home in that state, and that when he died he was a resident of that state, and that by the terms of his last will he bequeathed to her all the property of which he might die possessed; that this will was duly and properly admitted to probate in the proper court in Gibson county, Tenn., and by the order of that court this will was held to pass all personal property of which he died possessed; that when he died he was the owner of twenty shares of the capital stock of appellee the Delta Trust & Banking Company and ten shares of the capital stock of appellee the American National Bank; that the certificates of stock representing these shares were in the possession of the decedent at his home in the state of Tennessee at the time he died; and that she requested said defendants, and each of them, to recognize her ownership of these shares, and to take up the certificates, and to issue to her new certificates in their stead, which they refused to do; and her prayer is for a decree that she is entitled to have all of this done.

This will would not have been valid if it had been made in the state of Mississippi. It was perfect, in the state of Tennessee, as decreed by the court there, which decree was in accordance with numerous adjudications of that state. By consent of all parties interested, the two claims were considered together, and both the appellees answered all the charges of the complainant in the bill below; but they say that a doubt exists as to the validity of the will in the state of Mississippi, which they want determined. The court below made a decree in favor of the complainant, the appellee here, granting her prayer for relief,

and we think the decree was right.    If these shares of stock had been assigned in the state of Tennessee, the assignee would have had all the rights of the original owner; and it appears to us that a valid will bequeathing them is on the same basis with the assignment.    *Wells* v. *Wells,* 35 Miss., 638.

We do not think that the case of *Jellenik* v. *Huron,* 177 U. S., 1, 20 Sup. Ct., 559, 44 L. Ed., 647, has any application to the one at bar, as will be seen upon a careful examination of it.    We think it is more germane to this issue than a question of the situs of the property for taxation.    We are content with the citations of cases in the brief of counsel.

*Affirmed.*

WHITFIELD, C. J., being ill, took no part in the decision of this cause.